## JURISDICTION TO SELL PROPERTY OF A DECEDENT TO PAY DEBTS.

Common Pleas Court of Champaign County.

MARY F. HUNTER, ADMINISTRATRIX, v. GRACE YOCUM ET AL.

Decided, 1914.

*Jurisdiction to Sell Property to Pay Debts—Can Not be Entertained After the Filing and Confirmation of a Final Account by the Administrator Showing no Debts Against the Estate—Proper Method of Correcting Such an Account.*

1. The court of common pleas is without jurisdiction to grant an order upon petition of an administrator to sell real estate to pay debts, where it appears from the records of the probate court that the said administrator has filed a final account which disclosed no debts and the estate has been closed.

2. There is no authority in the probate court to set aside the final account of an administrator and reopen the estate, where no exception was filed by a party in interest within eight months of the settlement of said account, which is conclusive unless attacked for fraud or corrected by the court upon the filing of a subsequent and correct account; but where a mistake has been made in the former and final account as to the existence of debts against the estate and credits due the administrator, said former and final account may be opened up by the probate court upon the filing of a subsequent account showing the existence of such debts and credits.

3. Property may be sold by an administrator to pay debts not yet due, especially where it appears that the creditor is willing to accept the money.

*Deaton & Bodey* and *W. F. North,* for plaintiff.
*Johnson & Miller,* contra.

MIDDLETON, J.

This is an action brought by the plaintiff, as administratrix with the will annexed of the estate of Albert L. Hunter, deceased, v. Grace Yocum, Quinn Yocum, Edna Kizer, Alva Kizer, Elsie Lemon, Daniel Lemon, Dorothy M. Swisher, a minor aged

seven years, and Mary F. Hunter, individually, to sell certain real estate described in the petition to pay the debts and costs of administering the estate of the said Albert L. Hunter, and is before the court upon the pleadings and evidence offered upon the hearing of the application for such sale.

Briefly, the petition avers the appointment and qualification of of plaintiff as such administratrix; that there remains unpaid debts of plaintiff's decedent to the amount of $6,600; that she has paid out of the personal property coming into her hands debts amounting to $3,500; that the costs of administration will amount to about $75; that the total value of the personal estate and effects now in the hands of plaintiff is about $100, and is insufficient to pay the debts and costs. The right of the plaintiff to an order directing a sale of the real estate is contested by the defendant, Edna Kizer, a daughter and legatee under the will of the said Albert L. Hunter, and in an amended answer filed to the petition of plaintiff she admits that said deceased was the owner of real estate described in the petition, together with other real estate, at the time of his death, the appointment and qualification of plaintiff as administratrix, and that the real estate described in the petition is unencumbered, but denies each and every other allegation in the petition set forth. And further answering to the petition she in substance avers that about April 29th, 1911, the estate of Albert L. Hunter was fully settled up; that the plaintiff had theretofore been acting as administratrix, and that the inventory filed by her in the estate showed there was $2,784.50 of personal property; that upon filing her final account she had disposed of $257.02 and contributed to pay the debts of said estate the sum of $145.15, making a total payment of debts and expenses paid by her of $402.17, and that she had taken and kept and appropriated to her own use all the rest and residue of said personal estate, as legatee under said will. And she alleges (omitting a certain claim that was eliminated from the consideration of the court in this case by agreement of counsel) that the debt for which the sale of the real estate is sought is a note for $4,000 secured by a mortgage on other real estate

than that described in the petition herein, and that at the time of the settlement of said estate, plaintiff being the owner of a life estate in said land, preferred and desired not to sell land to pay said claim but to carry the same as a lien on the land by which it was secured, and by acquiescence of all legatees and devisees under said will, and by said Ohio Farmers Insurance Company, said claim was left a lien on said mortgaged land, and plaintiff, being a life tenant, cut and sold timber of much more value than was sufficient, together with said personal property, to have paid the debts of said estate, and that plaintiff does not · desire to sell said land to pay debts of said Albert L. Hunter, . but has made a contract to sell the tract of land in the petition described, and has received money on the same, but being unable to convey the title, by reason of having only a life estate, seeks an order of this court under the guise of an order to sell land to pay debts in order that she may carry out her said contract. ' .

Wherefore, she further says that by reason of these acts of the plaintiff in settling up said estate, and taking and appropriating the personal property to her own use, instead of applying same to payment of debts, and by voluntarily contributing $145.15 towards the payment of debts of said estate, until the. identity of said personal property is changed and lost, etc., plaintiff is estopped from asking to sell said real estate for paying said alleged and pretended debt.

Wherefore, she prays that the action be dismissed, and for all other proper relief:

For reply to this amended answer plaintiff, Mary F. Hunter, as administratrix, in substance admits that an inventory and account was filed by her in said estate, but denies that said estate was fully settled up at the time of filing said account, and says said account was not a correct and true statement of the conditions of said estate at that time; that said account was filed without the legal force and effect of same having been explained to plaintiff, she being without experience in such matters, but upon the true facts having been made to appear to the probate court, said court made an order upholding said account as a first account in order

that said estate might stand open for further proceedings. She admits that the unpaid debts of said estate are the $4,000 debt of the Ohio Insurance Company, but denies each and every other allegation that defendant's amended answer contains.

The question for determination, therefore, under these pleadings and the evidence offered, is whether plaintiff is entitled to an order to sell this real estate to pay the debts referred to, and the costs and expenses of administering the estate.

The evidence shows that Albert L. Hunter died August 23, 1909, leaving personal property of the appraised value of $2,748.50, and real estate consisting of a tract of 123 acres and a tract of 79 acres, the latter tract being the one described in the petition, and to sell which this proceeding is brought. It is also shown that the plaintiff, since the death of her decedent, has cut from the land timber amounting to $3,500; that one horse of the value of $200 died, making a total of $6,048.50 chargeable to the plaintiff, as administratrix, subject to the payment of the debts of her said decedent; that she has paid debts owing from the estate to the amount approximately of $4,500 and that there remains in her hands of the amount chargeable to her subject to the payment of debts and costs of administration, approximately $1,500, which is not sufficient to satisfy the debt of $4,000 and interest still standing against the estate. And if there were no further questions for the court to determine it would find no difficulty in granting the order prayed for, to sell the real estate described, to pay the balance of this debt, and the costs of administration. But under the answer and reply and the evidence complications arise calling for a determination of other questions before said order can be granted.

First: It appears from the evidence that the $4,000 debt due the insurance company is evidenced by a note, which will not fall due until June 11, 1914, and it further appears from the evidence that on March 3, 1911, the plaintiff, as administratrix, filed with the probate court of this county a first and final account of her transactions as such administratrix; that she charged herself with having received on behalf of the estate

$402.17, and credited herself with having paid out on behalf of the estate the same amount of $402.17. She included in the account a statement that the balance of all property shown in the inventory was retained by her as sole legatee under the will of her decedent, and that on the 29th day of April, 1911, the probate court settled this account, and that the following entry was entered upon the journal of said court.

"In the Matter of the Estate of Albert S. Hunter, Deceased. First and Final Account. Order of Settlement.

"Notice of the time for hearing and settlement of the first and final account of Mary F. Hunter, as administratrix of and, etc., of the estate of Albert L. Hunter, deceased, having been published and no exceptions being filed thereto, said account was this date examined by the court, found correct and approved and confirmed, and the court allowed said administratrix the sum of $24.23 as compensation in full for all her ordinary services rendered.

"The court finds that said administratrix has received and disbursed the sum of $402.17. The said account is duly balanced, and the said estate is duly settled according to law.

"It is therefore ordered by the court that this account in settlement thereof be recorded, and that said administratrix pay the costs herein taxed at $4.96.

"Dated April 29, 1911.

"G. P. SEIBERT, *Probate Judge.*"

It further appears from the evidence that on October 12, 1912, the plaintiff, as administratrix, filed with the probate court an application to have this first and final account held as first account and the estate reopened, in which she represented to the court that at the time of the filing of said account and of said order of settlement, said estate had in fact not been settled; that there were at the time unpaid debts of the decedent in the sum of $6,500, and that she had paid $2,500 of said indebtedness, and that there remains unpaid a mortgage indebtedness of $4,000 against said estate, and asking in such application that the order of settlement of said account be set aside and held for

naught, and that said account be held as a first account, and that an order be made reopening said estate for further proceedings according to law.  And the evidence further shows that on October 12, 1912, nearly one year and six months after the order settling the account had been made by the probate court, that court upon this application of the plaintiff, as administratrix, ordered that said account, which purported to be a first and final, account be held for naught, and that said account be held as a first account and that said estate be opened up for further proceedings according to law.  It is claimed by Edna Kizer, the answering defendant, who contests plaintiff's right to sell real estate in this action, that the probate court having ordered this account settled as a final account of the plaintiff, as administratrix, that this court is without jurisdiction or authority to grant to her an order to sell real estate to pay debts; and this raises a question the court desires first to consider.

Section 10820 of the General Code, requires of every executor or administrator that they shall render an account of his or her administration upon oath, and in like manner render such other accounts thereof every twelve months thereafter, and at such other times as the court requires, until the estate is wholly settled.

Section 10834 provides when an account is settled in the absence of a person adversely interested, and without actual notice to him, it may be opened on his filing exceptions to the account within eight months thereafter.

Section 10835, provides upon every settlement of an account by an executor or administrator all former accounts may be so far opened as to correct any mistake or error therein.

In *Watts* v. *Watts*, 38 O. S., 480, the Supreme Court in construing provisions of Section 6187, Revised Statutes, now Section 10835, General Code, says:

"That the power conferred by Section 10835 includes the power to correct all errors or mistakes of the court as well as of the executor or administrator found in former settlement, whether as to items embraced in or omitted from said former accounts."

And in a later case, *Lambright* v. *Lambright,* 74 O. S., 198, the same court says:

"Upon settlement of an account all former accounts may be opened to correct mistakes or errors even though no exceptions were filed to the original account."

It seems, therefore, clear to this court that if the plaintiff in this case, as administratrix, made a mistake in filing her first and final account of her administration in the probate court on the 29th day of April, 1911, and omitted by mistake to credit herself with amounts paid out by her, or to charge herself with amounts received by her as such administratrix, such mistake or mistakes, might have been and still may be corrected upon settlement of any subsequent account by her, and it seems also clear to the court from examination of the authorities that the account having been settled by the order of the probate court, it must stand as conclusive against the plaintiff, and as between her and the estate until opened up and corrected upon the filing of a subsequent account, or is opened up under the provisions of Section 10834, General Code, which is as follows:

"When an account is settled in the absence of a person adversely interested, and without actual notice to him, it may be opened on his filing exceptions to the account within eight months thereafter."

In the opinion of the court, the probate court was without jurisdiction or authority, no exceptions having been filed within eight months from the date of the settlement of the account as a final account by a person adversely interested as provided in Section 10834, General Code, and no account being then filed by the plaintiff as administratrix asking for the correction of a mistake in said final account as provided by Section 10835, General Code, to make the order appearing upon the journal of said court of the date of October 12, 1912, ordering that said final account be held for naught, and as a first account only, and that said estate be opened up for further proceeding according to law.

That the judgment of the probate court settling the final account of an executor or administrator becomes conclusive and absolute, and can not be attacked except for fraud, seems clearly settled by a very late case cited by our Supreme Court in the case of *Crawford, Administrator,* v. *Zeigler et al,* 84 O. S., 224.

The syllabus of the case reads as follows:

"After the expiration of the eight months allowed by Section 6187, Revised Statutes, or Section 10834, General Code, for filing exceptions when the account is settled in the absence of a person interested and without actual notice to him, the judgment of a probate court settling the final account of an executor or administrator becomes absolute and conclusive and can not be attacked except for fraud of the prevailing party."

In this case the court considers very fully the constitutional and statutory provisions in Ohio vesting the probate court with jurisdiction in probate and testamentary matters, the settlement of accounts of executors, administrators and guardians, citing Section 8, of Article IV of the Constitution, and Section 10492, General Code, and among other things says:

"This court has many times declared that the probate courts of Ohio are in the fullest sense courts of record; they belong to the class whose records import absolute verity, that are competent to decide their own jurisdiction, without setting forth the fact and evidence on which it is rendered.

"The judgment of the probate court is just as conclusive and binding upon the parties as would be the judgment of any other court, and before the judgment of any court can be opened up and set aside, it must appear that the court had no jurisdiction of the parties to the action, or of the subject-matter of the suit, or that the judgment was obtained by fraud of the prevailing party."

So the probate court, being as this court believes, without authority or jurisdiction for the reasons before stated, to make the order that the former order of the court settling the account of the plaintiff, as administratrix, as a first account be held for

naught and the estate opened up, such order of the probate court must remain absolute and conclusive between the parties, unless corrected by the court upon the filing of a subsequent account or attacked for fraud. This being so of this account and the settlement of the same by the probate court showing a final settlement, and all indebtedness from the estate paid and satisfied, so long as the order of the probate court stands uncorrected in the proper manner, this court would have no authority or jurisdiction to order the sale of the real estate, to pay the debts of the deceased. If it were not for the order and judgment of the probate court, this court would have no doubt of its jurisdiction under Sections 10774 and 10775, General Code, to determine what debts, if any, of the estate of plaintiff's decedent, remained unpaid, and in doing so to determine, without the same having been previously allowed or passed upon by such court, what valid and existing debts were owing from said estate. This court would have as full and complete authority in a proceeding of this kind to determine the amount of indebtedness of an estate, and what were valid and lawful debts against the estate as the probate court, and could determine under other provisions of the statutes the rights of all parties interested, and this court would entertain no doubt of its right and power to direct the sale of this real estate to pay the debt of $4,000, payable to the insurance company referred to in the pleading, notwithstanding the same does not fall due until July 11, 1914. Especially so in this case as the court is satisfied that the payee of the note evidencing this debt is willing to accept the money.

Section 10735 expressly confers power upon an executor or administrator to pay debts not yet due, and this power, the court thinks, impliedly carries with it authority in a court of competent jurisdiction to order the sale of real estate of the deceased to pay such debts. The court feels satisfied also from the testimony in this case that the administratrix has acted in perfect good faith in paying off the indebtedness of the estate; that she has not profited nor the estate suffered by her failure to comply with the statutes in disposing of the personal property, and ap-

plying the proceeds to the payment of debts. And basing its opinion upon the evidence adduced in this case, the court entertains no doubt, but that the probate court, upon the filing of a second account by the plaintiff, as administratrix, will correct the mistake that was made in what purported to be a final account, and permit the plaintiff to have credit for whatever amount she has paid out in actual liquidation of debts owing from the estate. I do not think the contention of counsel for defendant is well founded, that she took and appropriated the personal property of the estate as sole legatee under the will. She could not have or take this property, or any interest in the same, as legatee until the debts were paid, and in acting in good faith and believing it to be the best interests of the estate and all concerned, she disposed of the personal property without advertising and selling the same as the statutes direct, and applied the proceeds to the payment of debts, this court is of opinion she should receive credit for the same upon the settling of her account as administratrix.

If upon the filing of such second account it appears that there are still debts unpaid, this court is of the opinion that she would be entitled to an order to sell real estate to pay the same. In view of the record, however, as it now stands in the probate court, this court is of the opinion that it can not properly grant such order, and the application is refused.